# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | | |
|---|---|---|
| **Crystal Crowe**<br>     **Plaintiff** | : : : : : : : | |
| | : | Case No.  **4:09cv-32 M** |
| | : : : : | |
| vs. | : : | Judge |
| **Credit Bureau Systems, Inc.**<br>**c/o William Mark Edwards, reg**<br>**agent for service**<br>**100 Fulton Court**<br>**Paducah, Ky.  42001**<br>     **Defendant** | : : : : : : : | |

---

**Complaint Seeking to Impose Individual Liability Under the Fair Debt Collection Practices Act (15 U.S.C.§1692); Statutory & Actual Damages for Deceptive, Unfair, Unconscionable & Abusive Debt Collection Practices Attorney Fees & Jury Demand**

---

### Claim One For Relief
### [Fair Debt Collection Practices Act]

### Jurisdiction

   1.  This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. [hereinafter referred to as the "Act"].

   2.  This claim is for both statutory and actual damages brought by Plaintiff for Defendant's multiple violations of the Act, which expressly prohibits a debt collector from engaging in unconscionable, deceptive, unfair and abusive debt collection practices.

3.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue is proper in view of the fact that the majority or all of the events alleged herein took place in Western District of Kentucky and within the Owensboro Division.

## Parties

4.  Plaintiff, **Crystal Crowe,** [hereinafter referred to as **"Crowe"** or **"Plaintiff"**] is, and was at all times relevant herein, a "consumer" as defined in the Act, 15 U.S.C. § 1692a(3) and who, at all times referenced herein, was and is a resident of Ohio County, Ky.

5. Defendant, **Credit Bureau Systems, Inc.**[hereinafter referred to as **"CBS"** or "Defendant"**]** is a Kentucky corporation which has its principal place of business in Paducah but which operates and transacts business throughout the Commonwealth and other jurisdictions and which specializes in the collection of consumer debt and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. §1692a.(6).

6.  The debt or debts in question, if owed by the Plaintiff, were incurred for personal, household or family purposes.

## Individual Factual Allegations

7. Plaintiff is employed as a school bus driver for the McLean County Board of Education**.** According to her best recollection Plaintiff received a telephone message from Defendant on or about January 15, 2009 left by a "Ms. Ann Porter" at Plaintiff's place of employment. The message was delivered to her by her supervisor.

8. That same day Plaintiff returned the call and spoke with Ms. Porter. Plaintiff made certain in that conversation to inform Ms. Porter that, at least once and probably more than once, she did not want to be contacted at her place of employment as it could result in the loss of her job.

9. Ms. Porter's demeanor and response was, basically, that she could care less and demanded that Plaintiff immediately pay her $350 that same day and $150 each month thereafter. She stated further that the failure to pay would immediately result in "garnishment" of her wages. Further, Ms. Porter stated that she had verified the employment of both the Plaintiff and her husband and that she would proceed immediately with the garnishment of Plaintiff if she failed to pay.

10. Plaintiff attempted to explain that she was unable to pay according to the terms demanded by the Defendant and the conversation ended abruptly where Plaintiff became very disturbed and upset. She then called her husband to explain what had taken place and broke down in tears.

11. During this period Defendant sent several written communications to Plaintiff always at her personal residence in Livermore, Ky. and in each communication it failed to identify the creditor on whose behalf it was collecting where it merely inserted the comment "various accounts" in place of the identity of the creditor. Additionally, the amount it demanded varied with each communication in spite of the fact that the account number was the same.

12. After several communications to her residence, on or about April 15, 2009, Defendant directly communicated with the Plaintiff at the McLean County Board of Education in total disregard of Plaintiff's request that she not be contacted at her place of employment.

13. The communication was, unfortunately opened by someone at her place of employment who when they realized the nature of the letter, re-addressed it and mailed it to Plaintiff's personal residence in an envelope containing the logo of her employer, the "McLean County Board of Education."

14. Upon receipt of the letter Plaintiff, realizing what had taken place, experienced humiliation, embarrassment and anger. Strangely, the communication in question appears to have been worded, not so much for Plaintiff, as for her employer's eyes and contained the following disturbing language: "Honest, Hardworking, Trustworthy, Fair & Responsible, (Five Great Reasons Why Your Employer Hired You!)".

15. Without limiting the scope of any violation which may have been committed, Defendant's conduct described hereinabove constituted the following deceptive, unfair, unconscionable and abusive debt collection activities in violation of the Fair Debt Collection Practices Act:

(a) by threatening to take action that could not be legally taken and/or it had no intention of taking in violation of 15 U.S.C. § 1692e(5);

(b) by communicating with Plaintiff at her place of employment after being expressly informed not to do so and/or that her employer forbids such contact in violation of 15 U.S.C. § 1692c(a)(3);

( c) by failing to identify the creditor to whom the debt was allegedly owed in violation of 15 U.S.C. §1692g(a)(2);

(d) by failing to accurately disclose the amount of the debt owed to that creditor in violation of 15 U.S.C. §1692g(a)(1);

(e) by engaging in conduct which had the natural consequence of oppressing and abusing Plaintiff in violation of 15 U.S.C. §1692d;

(f) by falsely representing the character, legal status or amount of the debt in violation of 15 U.S.C. §1692e(2);

(g) by attempting to collect a debt in which the amount is in excess of what is actually owed and/or which is not authorized by law in 15 U.S.C. §1692f(1);

(h) by communicating with a third person with regard to the debt allegedly owed by the Plaintiff without her permission in violation of 15 U.S.C. §1692b(2);

(i) by engaging in unconscionable and unfair debt collection practices in violation of  15 U.S.C. §1692f; and,

(j) the utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

### **Prayer for Relief**

Plaintiff prays for the following relief:

a. For statutory and actual damages as may awarded by the Court;

b. For reasonable attorney fees for all services performed by counsel in the prosecution of this claim as provided by law;

c. For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

d. For a trial by jury on all appropriate issues; and

e. For any and all other relief this Court may deem appropriate.

                                    Respectfully submitted by:

                                    ***/s/Steven C. Shane***
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net